0751

Diana HOLMES, Appellant v. Jean ROSNER, Sonia Rae Feinberg, Joseph Sokol and Morris Sokol, Respondents.

(346 S. E. (2d) 37)

Court of Appeals

*Young, Clement, Rivers & Tisdale,* and *Mark C. Tanen-baum,* Charleston, *for appellant.*

*Andrew K. Epting, Jr.,* of *Wise and Cole,* Charleston, *for respondents.*

Heard May 19, 1986.

Decided July 7, 1986.

SHAW, Judge:

Appellant Diana Holmes brought this action for damages against respondents Jean Rosner, Sonia Rae Feinberg, Joseph Sokol (landlords), and their agent, Morris Sokol, for personal injuries she received in a fire in the apartment she rented from them. Holmes appeals from the trial court's order sustaining the landlords' demurrer. We affirm in part and reverse in part.

Holmes alleges the following facts in her complaint. The duplex in which Holmes' apartment is located is owned by Rosner, Feinberg, and Joseph Sokol who designed and built the duplex in 1964. Morris Sokol, the owners' father, manages the duplex. In 1981, Holmes responded to an advertisement in a newspaper offering the apartment for rent.

Holmes met with the landlords' agent who assured her "that the building was fit for use as a residence by her family, that it was in good condition and that the defendants would do all things necessary during . . . [Holmes'] occupancy to keep and maintain said premises in a safe condition, fit for use as a residence by her family."

In reliance upon this assurance, Holmes rented the apartment. On May 26, 1983, a spark from the range hood, caused by improper wiring, ignited a grease fire severely injuring Holmes. Holmes spent a month in a hospital and is permanently scarred. She will require additional surgery in the future.

Holmes set forth in her complaint five causes of action: (1) breach of an express warranty of fitness for use as a residence, (2) breach of an express warranty to keep and maintain the premises in a safe condition, (3) fraudulent concealment of a latent defect, (4) negligence, and (5) breach of an implied warranty of fitness for use as a residence. The landlords demurred to each of these. The trial court sustained the demurrer as to the first, second, fourth, and fifth causes of action.[1]

## I.

The trial court correctly sustained the demurrer as to an alleged breach of an implied warranty of fitness or habitability. The Supreme Court recently reaffirmed that South Carolina does not recognize such a warranty in leases. *Young v. Morrisey*, 285 S. C. 236, 329 S. E. (2d) 426 (1985).

## II.

Holmes also alleges the trial court erred in sustaining the demurrer on her cause of action for breach of an express warranty to maintain the premises in a safe condition. We disagree.

Generally, South Carolina imposes no duty on a landlord to maintain leased premises in a safe condition. *Young v. Morrisey*, 285 S. C. 236, 329 S. E. (2d) 426 (1985). While a landlord may obligate himself to such a duty

---

[1] Holmes has abandoned her fourth cause of action (negligence).

by giving an express warranty; his breach of the warranty merely gives his tenant the right to sue for breach of contract, and damages for personal injuries are not recoverable under such an action. *Young v. Morrisey.* Thus, we hold the trial court ruled correctly.

### III.

Finally, Holmes argues the trial court erroneously sustained the demurrer on her cause of action for breach of an express warranty of fitness or habitability. We agree.

We hold while the law does not impose a warranty of habitability or fitness on a lease, a landlord may expressly provide such a warranty. The *Young* court recognized this when it stated, "As a general rule, there is no implied warranty of fitness or habitability in leases. A lessee takes leased premises, *in the absence of an express warranty* (emphasis added), or of fraud or misrepresentation, in the condition and quality in which they are." *Young,* 329 S. E. (2d) at 429.

Since Holmes alleges the landlords, through their agent, expressly warranted the premises to be fit for use as a residence, the trial court erred in sustaining the demurrer.

Affirmed in part; reversed in part.

SANDERS, C. J., and BELL, J., concur.